No. 86-522

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

JEAN PFAU,

          Plaintiff and Appellant,

   -vs-

RICHLAND COUNTY, a political
subdivision of the State of
Montana,

          Defendant and Respondent.

---

APPEAL FROM: District Court of the Seventh Judicial District,
In and for the County of Richland,
The Honorable H. R. Obert, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Robert L. Johnson, Lewistown, Montana

    For Respondent:

        Gene R. Jarussi; Keefer, Roybal, Hanson, Stacey and
Jarrussi, Billings, Montana

---

Submitted on Briefs: April 30, 1987

Decided: July 9, 1987

Filed: JUL 9 - 1987

_Ethel M. Harrison_

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiff Jean Pfau brought this action in the District Court of the Seventh Judicial District, Richland County, to recover damages for injuries she sustained when she fell at the Richland County Fairgrounds. The jury found the defendant Richland County not negligent. Mrs. Pfau appealed from the judgment entered on the verdict and the District Court's denial of her motion for a new trial. We affirm.

The issue is whether the District Court erred in failing to grant Mrs. Pfau a new trial on the ground that the evidence was insufficient to justify the jury verdict.

On August 4, 1982, Jean Pfau, her husband, and her children were at the Richland County Fairgrounds setting up a booth for the fair which was to start the next day. About 8:00 or 9:00 p.m., Mrs. Pfau drove two of her children home. Around 10:30 or 11:00 p.m., she drove back to the fairgrounds to pick up her husband and third child.

As Mrs. Pfau passed underneath the pedestrian archway at the south gate of the fairgrounds she tripped and fell. Mrs. Pfau sued Richland County on the basis that the sidewalk was unsafe. After a jury trial, the 12 person jury came back with a verdict that Richland County was not negligent. After her motion for a new trial was denied, Mrs. Pfau appealed.

Did the District Court err in failing to grant Mrs. Pfau a new trial on the ground that the evidence was insufficient to justify the jury verdict?

In determining the sufficiency of the evidence, our standard is one of substantial evidence. As this Court recently stated in Clark v. Norris (Mont. 1987), 734 P.2d 182, 185, 44 St. Rep. 444, 445:

> The standard of review is substantial
> evidence. If substantial evidence supports the
> case of the prevailing party the verdict will
> stand. The evidence will be viewed in a light most
> favorable to the party that prevailed at trial and,
> if the evidence conflicts, the credibility and
> weight given to the evidence is the province of the
> jury and not this Court. (Cite omitted.)

This Court will especially not disturb a judgment on appeal where substantial evidence supports the judgment and the District Court has upheld the sufficiency of the evidence on a motion for a new trial. Keil v. Glacier Park, Inc. (1980), 199 Mont. 455, 461, 614 P.2d 502, 505. Simply put, the question before this Court is whether there is substantial evidence in the record upon which the jury could return a defense verdict.

After a careful review of the transcript, we conclude that there is substantial evidence in the record which supports the finding of the jury that Richland County was not negligent in the fall and injuries suffered by Mrs. Pfau. At trial, Mrs. Pfau's attorney called Daniel Pfau, Jean Pfau's husband, Doris Goebel, the secretary-manager for the Richland County Fair, and Jean Pfau herself. The attorney for Richland County cross-examined Doris Goebel and Jean Pfau and called George Umback, the maintenance man for the Richland County Fairgrounds, as a witness.

All four witnesses testified as to the condition of the sidewalk where Mrs. Pfau fell. Doris Goebel testified that the sidewalk looked like a typical sidewalk in a county fairground, that some of the sidewalk was older and some of it was newer. She further testified that parts of the sidewalk were cracked and somewhat uneven, but generally the sidewalk was in normal condition and did not represent a hazard. George Umback also testified that the sidewalk did not look hazardous to him, was well-lighted, and was

3

essentially in the same shape as it had been for the previous 12 years when he had worked at the fairgrounds. There is some contradiction in the testimony of the various witnesses with regard to the condition of the sidewalk. However, we are required to view the evidence in a light most favorable to the defendant. In addition, the credibility and weight to be given to the evidence is the province of the jury with which we will not interfere. Viewing the evidence in a light favorable to the defendant, we conclude there is substantial evidence to support the jury's determination that the defendant was not negligent.

We affirm the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

4